**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| TADAREOUS JACKSON, ) | |
|     ID # 1739419, ) | |
|         Petitioner, ) | |
| vs. ) | No. 3:15-CV-552-M-BH |
| ) | |
| WILLIAM STEPHENS, Director, ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal ) | |
| Justice, Correctional Institutions Division, ) | |
|         Respondent. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order* 3-251, this habeas case was automatically referred for findings, conclusions, and recommendation. Before the Court is the petitioner's motion to stay and abate this 28 U.S.C. § 2254 case, received on October 7, 2016 (doc. 31.) He seeks to return to state court and exhaust a new claim based on newly discovered evidence. Based on the relevant findings and applicable law, the motion to stay and abate should be **DENIED.**

**I. BACKGROUND**

Samuel Lee Jones (Petitioner) was found guilty in April 2011 of aggravated robbery in Cause Nos. F09-53871-L and F09-53872-L in the Criminal District Court No. 5 of Dallas, County, Texas, and sentenced to 60 years of imprisonment in each case, to run concurrently. (Doc. 11-14 at 79; doc. 11-17 at 22.) On direct appeal, the court of appeals affirmed his convictions and sentences. *Jackson v. State*, No. 05-11-1116-CR and No. 05-11-1117-CR, 2012 WL 4097192 (Tex. App.–Dallas, September 19, 2012). The Court of Criminal Appeals refused his petitions for discretionary review on February 6, 2013. *Jackson v. State*, No. PD-1473-12 and No. PD-1474-12 (Tex. Crim. App. February 6, 2013). Petitioner did not seek a writ of certiorari. He filed state applications for writ of habeas corpus on February 12, 2014. (Doc. 12-15 at 5; doc. 12-18 at 6.) The applications were

denied without written order on December 17, 2014. (Doc. 12-13; doc. 12-16.)

Petitioner placed his federal petition in the prison mail system on February 11, 2015. (Doc. 1 at 14.) The respondent filed an answer on June 25, 2015 (doc. 19), and Petitioner filed his reply on July 9, 2015 (doc. 23).

## II. STAY AND ABEYANCE

Petitioner now seeks to return to state court to raise a new claim regarding the knowing use of false evidence. (doc. 31 at 2.) He relies on an affidavit from Harry J. Bonnell, M.D., a forensic pathologist, stating:

> the methodology and results to which witness Salicco[, the state's fingerprint expert who matched Petitioner's fingerprint to a fingerprint found on paper at the crime scene,] testified amounts to junk science in that there was no second, independent verification and he presented egregious misleading testimony as to the accuracy of this comparison. The specifics of these errors are discussed extensively on pages 87 through 103 of the attached report to the President.

(*Id*. at 4-5.) The September 2016 report was not attached to Petitioner's motion.

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). To exhaust in accordance with § 2254, a petitioner must fairly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). In Texas, a prisoner must present his claim to the Texas Court of Criminal Appeals in a PDR or an application for writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson*, 762 F.2d at 432.

Where a federal petition for writ of habeas corpus contains grounds for relief that are unexhausted, federal courts have the discretion to either stay and abate or dismiss the federal action.

*See Brewer v. Johnson*, 139 F.3d 491, 493 (5th Cir. 1998). Stay and abeyance should be granted only in limited circumstances when there is good cause for the failure to exhaust, the unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *See Rhines v. Weber*, 544 U.S. 269, 278 (2005); *see also Williams v. Thaler*, 602 F.3d 291, 309 (5th Cir. 2010) ("Because a stay and abeyance has the potential to 'frustrate []AEDPA's objective of encouraging finality' and 'AEDPA's goal of streamlining federal habeas proceedings,' the Supreme Court has stated that 'stay and abeyance should be available only in limited circumstances'") (citing *Rhines,* 544 U.S. at 277)).

**A.**      **Good Cause**

Good cause for failing exhaust state avenues of relief is a balance of the interests served by the exhaustion requirement and finality with the clear instruction to litigants to ensure each federal claim has been taken to state court first. *Rhines,* 544 U.S. at 276–77 (citing *Rose v. Lundy*, 455 U.S. 509, 520 (1982)). The Supreme Court has not articulated a specific test for good cause to justify stay and abatement. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005). It has found that "reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause'" under *Rhines*. *Id.* at 416-17. Courts have also found good cause to stay and abate a mixed petition based on ineffective assistance of post-conviction counsel, the prosecution's wrongful withholding of evidence, or other external objective factors not fairly attributable to the petitioner. *See Doe v. Jones*, 762 F.3d 1174, 1182 (10th Cir. 2014).

Here, Petitioner does not explain why he did not previously present his claim regarding knowing use of false evidence to the state court. He does not show whether Dr. Bonnell's opinion would have been the same before the report was issued in September 2016. He does not show

3

whether the report proposed new methodologies for fingerprint analysis or whether the report summarized previous studies that were available when he filed his state habeas applications in February 2014.  He has not shown good cause for not previously raising the claim in state court.

**B.      Potential Merit**

As to the second *Rhines* factor, Petitioner has also not shown that his unexhausted claim is potentially meritorious.  The Supreme Court has held that the presentation of false evidence at trial, as well as the admission into evidence at trial of unsolicited false evidence that is not corrected, violates a criminal defendant's due process rights if the reliability of a given witness may be determinative of guilt or innocence. *Napue v. Illinois*, 360 U.S. 264, 269 (1959).  In order to prevail on a claim that his constitutional rights were violated by the presentation of false testimony, a petitioner must establish that: (1) the testimony was actually false; (2) the prosecution knew it was false; and (3) that it was material. *Napue*, 360 U.S. at 271.

Dr. Bonnell's affidavit does not assert that the lack of a second, independent verification rendered the state's fingerprint expert's testimony false.  Although the affidavit asserts that the expert's testimony was egregiously misleading about the accuracy of the fingerprint comparison, it does not explain how it was misleading, and it does not allege the expert's testimony in that regard was false.  Moreover, nothing in the affidavit suggests that the prosecutor knew such testimony was false.  Therefore, Petitioner has not demonstrated that his new claim is potentially meritorious.

**C.      Dilatory Litigation Tactics**

Petitioner's filing of this § 2254 petition and his efforts to stay this case do not suggest intentional delay.  *See Rhines,* 544 U.S. at 278 ("If a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all").

4

However, because Petitioner has not shown good cause or that his new claim is potentially meritorious, he is not entitled to a stay and abeyance under *Rhines*.

### III.  RECOMMENDATION

Petitioner's motion to stay and abate should be **DENIED**.

**SIGNED this 19th day of October, 2016.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE